J-S93028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VINCENT FERST | |
| Appellant | No. 1007 EDA 2016 |

Appeal from the Judgment of Sentence dated March 21, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0605551-2002

BEFORE: DUBOW, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY SOLANO, J.:                    **FILED MARCH 20, 2017**

Appellant Vincent Ferst appeals from the judgment of sentence imposed on March 21, 2013, following remand by this Court. **See Commonwealth v. Ferst**, 184 EDA 2012 (Pa. Super., Dec. 21, 2012) (unpublished mem.). With this appeal, Appellant's counsel has filed a petition to withdraw and an **Anders**[1] brief, stating that the appeal is wholly frivolous. For the reasons that follow, we deny counsel's petition to withdraw, without prejudice.

On March 17, 2003, a jury found Appellant guilty of six counts of robbery, five counts of criminal conspiracy, two counts of aggravated

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **Anders v. California**, 386 U.S. 738 (1967).

assault, one count of possessing an instrument of crime, one count of attempted robbery of a motor vehicle, and one count of robbery of a motor vehicle. **Commonwealth v. Ferst**, 1577 EDA 2006 (Pa. Super., Aug. 10, 2007) (unpublished mem. at 6).[2] He was sentenced to an aggregate term of forty-four and one-half to ninety-four years' imprisonment. **Id.** at 1. Appellant filed a post-sentence motion on June 2, 2003, which was denied by operation of law on September 26, 2003. **Id.** at 6.[3]

Appellant did not file a direct appeal, but on March 17, 2004, via trial counsel, he filed a timely PCRA petition, seeking leave to appeal *nunc pro tunc*. **Ferst**, 1577 EDA 2006, at 6. The petition was granted by the trial court, but on January 7, 2005, this Court dismissed the reinstated appeal for counsel's failure to file a brief. **Id.** On January 28, 2005, Appellant filed another timely PCRA petition, this time *pro se*, again seeking leave to appeal *nunc pro tunc*. **Id.** at 6-7. The petition was again granted, counsel was appointed, and this Court affirmed Appellant's judgment of sentence on

---

[2] 18 Pa.C.S. §§ 3701(a)(1), 903, 2702(a)(1), 907(a), 901, and 3702, respectively. Appellant's charges were spread among six Common Pleas docket numbers. Only one docket number is referenced in the instant appeal, but we recount the history of the full case for simplicity.

[3] Appellant's post-sentence motion was entitled Motion for Relief of Counsel and Appointment of New Counsel. Mot., 6/2/03. It was denied by operation of law pursuant to Pa.R.Crim.P. 720(B)(3)(a).

August 10, 2007. *Id.* at 7, 11.[4] The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on December 20, 2007.

Appellant, acting *pro se*, filed a timely PCRA petition on December 18, 2008. *Ferst*, 184 EDA 2012, at 5.[5] Counsel filed an amended petition on January 6, 2011. *Id.*[6] On November 18, 2011, the PCRA court granted the petition in part, having determined that there was insufficient evidence to sustain convictions on two counts of robbery and one count of criminal conspiracy, and vacated the sentences for those offenses. *Id.* at 5 n.4.[7] Appellant's sentence was amended to forty and one-half to eighty-six years'

_____

[4] The subject of Appellant's first direct appeal was whether the trial court erred in granting the Commonwealth's motion to consolidate the charges against Appellant. *Ferst*, 1577 EDA 2006, at 7. We found the danger of confusion between the charges and the chance of undue prejudice by the jury to be negligible, and held that the trial court did not abuse its discretion in granting the motion.

[5] After filing the petition, Appellant obtained appointed counsel, who filed a "no-merit" letter pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), on August 7, 2009. Trial Ct. Op., 3/20/12, at 2. Appellant was sent notices of the PCRA court's intention to dismiss the petition in October 2009 and January 2010, but the PCRA court never dismissed the petition. *Ferst*, 184 EDA 2012, at 5.

[6] Appellant's PCRA petition challenged trial counsel's ineffectiveness on several bases: his absence during pretrial proceedings, his failure to request severance from the co-defendant, his failure to challenge the sufficiency of the evidence on some of the charges, his failure to object during sentencing upon the court's consideration of impermissible factors, and his failure to challenge an unlawful mandatory sentence. *Ferst*, 184 EDA 2012, at 6.

[7] The Commonwealth did not appeal this ruling.

imprisonment. *Id.* The PCRA court dismissed the rest of the petition. *Id.* at 5.[8]

Appellant appealed the dismissal of his petition on December 19, 2011. On December 21, 2012, this Court found merit to Appellant's complaint that his trial counsel was ineffective by failing to appeal some of the mandatory minimum sentences imposed on the conspiracy charges. *Ferst*, 184 EDA 2012, at 17-18.[9] We therefore affirmed in part, reversed in part, and remanded for resentencing. Appellant was resentenced on March 21, 2013. Order, 3/21/13.[10] Appellant did not file a direct appeal.

On February 20, 2015, Appellant filed another PCRA petition, *pro se*, requesting the right to appeal his new judgment of sentence *nunc pro tunc*. PCRA Pet., 2/20/15, at 6, 8 (unpaginated). Appellant claimed that the PCRA court failed to appoint counsel following resentencing, or, alternatively, that if counsel was appointed, he or she was ineffective for failing to file an

---

[8] The court notified Appellant of its intention to dismiss pursuant to Pa.R.Crim.P. 907 on September 8, 2011. Appellant did not respond. Trial Ct. Op., 3/20/12, at 2.

[9] In between Appellant's original sentencing and our review, the Pennsylvania Supreme Court had decided that the mandatory sentencing enhancement of 42 Pa.C.S. § 9712(a) does not apply to an unarmed co-conspirator. *Ferst*, 184 EDA 2012, at 19 (citing *Commonwealth v. Dickson*, 918 A.2d 95 (Pa. 2007)).

[10] Appellant's sentences on counts 1 and 10 were each reduced from five to ten years' to four to eight years' incarceration, to run concurrently with Appellants other sentences. Order, 3/21/13.

appeal per Appellant's request. Pa.R.Crim.P. 907 Notice, 12/17/15, at 4.[11] The PCRA court sent Appellant a Rule 907 notice on December 17, 2015, stating that the petition was untimely. *Id.* at 5-7. On January 5, 2016, the PCRA court received Appellant's *pro se* response. Counsel was appointed, and the PCRA petition was granted; Appellant's appellate rights were once again reinstated *nunc pro tunc* on March 1, 2016.[12]

On March 30, 2016, Appellant filed a notice of appeal. On March 31, 2016, Appellant was ordered to file a Rule 1925(b) statement of errors complained of on appeal. In lieu of a 1925(b) statement, appointed counsel filed a statement pursuant to Rule 1925(c)(4) of his intention to file an **Anders** brief. Statement, 4/21/16. Accordingly, the trial court filed no 1925(a) opinion. Order, 6/10/16. Appellant's counsel filed his brief with this Court on July 25, 2016, in addition to his request for leave to withdraw as counsel.

"When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa. Super. 2010) (internal citation omitted). In order for counsel to withdraw, he must

---

[11] Appellant's petition did not identify which aspect of his sentence he had wished to appeal.

[12] The order granting Appellant's petition and reinstating his direct appeal rights does not appear in the certified record.

meet the requirements for an *Anders* brief set forth by the Supreme Court of Pennsylvania in *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009):

> [W]e hold that in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 361.

In addition to the filing of an *Anders* brief, counsel seeking to withdraw on direct appeal must comply with the following:

> Counsel must also provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief.

*Commonwealth v. Orellana*, 86 A.3d 877, 880 (Pa. Super. 2014) (internal quotation marks and citation omitted).

"Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Goodwin*, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*) (quoting *Commonwealth v. Wright*, 846 A.2d 730, 736 (Pa. Super. 2004)). Finally, "this Court must conduct an independent review

of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015) (footnotes and citations omitted).

Because this Court assesses the merits of the case immediately following, and in conjunction with, counsel's request to withdraw, it is important to inform an appellant of his right to proceed *pro se* and raise additional points for our review **before** this Court examines counsel's request to withdraw and the merits of the case. Although a party may not typically proceed *pro se* while represented by counsel (a situation we refer to as "hybrid representation"), there is an exception if appellate counsel has filed an **Anders** brief because that filing signifies that appellant is effectively without counsel. **See Commonwealth v. Baney**, 860 A.2d 127, 129 (Pa. Super. 2004), **appeal denied**, 877 A.2d 459 (Pa. 2005). "Thus, when conducting an **Anders** review, this Court will consider not only the brief filed by counsel but also any *pro se* appellate brief." **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa. Super.), **appeal denied**, 936 A.2d 40 (Pa. 2007).[13] Where an appellant has not been apprised of his right to proceed

---

[13] **Nischan** explains the proper procedure as follows:

> If this Court receives a petition to withdraw and a brief, both submitted in accord with **Anders**, and if we are satisfied that counsel has complied with the three technical **Anders** requirements, we will then undertake our own independent examination of the issues raised in the **Anders** brief and in any

*(Footnote Continued Next Page)*

*pro se* following the filing of an **Anders** brief, the notice is defective. **See, e.g.**, **Commonwealth v. Bennett**, 124 A.3d 327, 330 (Pa. Super. 2015) (counsel incorrectly informed appellant that he was entitled to proceed *pro se* or with private counsel **if** the Superior Court permitted his withdrawal; defect was cured by a notice sent *sua sponte* by the Superior Court); **Commonwealth v. Millisock**, 873 A.2d 748 (Pa. Super. 2005) (notice was defective where counsel's letter may have only informed appellant of his right to "new counsel," which would imply a right to different court-appointed counsel, rather than a right to retain new counsel or to proceed *pro se*).

We conclude that instant counsel's **Anders** brief complied with the requirements of **Santiago**. Counsel provided a procedural and factual summary of the case. **Anders** Br., 7/25/16, at 8-9. The **Anders** brief states that "the only possible issue for direct appeal would be the discretionary aspect of the sentence," and referred to the portion of the record where

(Footnote Continued) ⎯⎯⎯⎯⎯⎯⎯⎯⎯

> *pro se* brief to determine whether we agree with counsel's assessment that the appeal before us is frivolous. If, after our review, we determine that the appeal is frivolous, then we will grant counsel's petition to withdraw and we will affirm the judgment of sentence. However, if it appears that there are non-frivolous issues, we will deny the petition to withdraw and remand the case with directions that counsel file an advocate's brief.

**Nischan**, 928 A.2d at 353-54 (citations omitted).

Appellant was sentenced. *Id.* at 11-12.[14] Counsel makes abundantly clear that he believes any such claim would lack merit.[15] Moreover, counsel conveyed that Appellant communicated to him that Appellant "believes that he needs to appeal every step of his case." *Id.* at 11.

However, we find that counsel failed to provide proper notice. While counsel sent a copy of the *Anders* brief to Appellant, and advised Appellant in his letter of his "right to retain new counsel or to raise any additional points that [he] deem[s] worthy of the Court's attention," he did not specifically advise Appellant of his instant right to proceed with the appeal *pro se*. *See* Letter, 7/25/16.[16] This flaw renders counsel's letter defective, and we therefore decline to grant his petition to withdraw.

---

[14] However, no transcript of the sentencing proceeding which counsel references is included in the certified record.

[15] Counsel provides the following reasons: the sentences received were in the lower half of the guidelines sentence range; the sentences run concurrently, which is an improvement over the previous consecutive sentence; the claim is waived because Appellant failed to preserve it at the time of sentencing or in a post-sentence motion; an appeal regarding the discretionary aspect of a sentence must raise a substantial question (citing 42 Pa.C.S. § 9781(b), Pa.R.A.P. 2119(f)). We do not assess the merits of any potential issues before first assessing counsel's request to withdraw. *Daniels*, 999 A.2d at 593. We also caution that "[a] proper *Anders* brief does not explain why the issues are frivolous and does not develop arguments against the appellant's interests." *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007).

[16] The deficiency is not cured by counsel's petition to withdraw, which echoes the phrasing employed in his letter.

Counsel is hereby instructed either to file an advocate's brief or to file a brief and petition to withdraw that fully complies with all of the requirements set forth by **Anders** and its progeny. If counsel chooses the latter, counsel's letter to Appellant shall provide, among other items, notice of Appellant's immediate right to proceed *pro se*. Counsel shall file either his advocate brief or his **Anders** Brief and revised petition to withdraw within thirty days of the date of this decision. If counsel files a revised petition to withdraw and **Anders** brief, Appellant shall have thirty days from receipt of the revised petition to file a *pro se* brief or a brief by newly retained private counsel, if he so chooses. The Commonwealth will then have thirty days to file a responsive brief. The trial court is also ordered to supplement the certified record with the March 21, 2013 transcript of Appellant's sentencing within thirty days of the date of this decision.

Petition to withdraw as counsel denied. Panel jurisdiction retained.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/20/2017